**Alfred Mark TERRY, Appellant,**

v.

**Regina A. BARRINUEVO and Judiline D. Abito, Appellees.**

**No. 01–96–01049–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1997.

Robert K. Schaffer, Houston, for Appellant.

Phillip Griffis, Houston, for Appellees.

Before HEDGES, MIRABAL and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

HEDGES, Justice.

We overrule Alfred M. Terry's motion for rehearing, withdraw our opinion dated August 21, 1997, and substitute the following opinion in its place.

The issue in this case is whether the Medical Liability and Improvement Act applies to physical therapists. We hold that it does not, and, accordingly, we affirm.

### FACTS

Between August 1992 and May 1993, appellant Alfred Mark Terry received physical therapy treatment on his shoulder at Rehab Plus. This company is a limited partnership owned by appellees Regina A. Barrinuevo and Judiline D. Abito who are both physical therapists. On January 14, 1993, during the

course of a therapy session, appellant's injured shoulder "popped out" of its socket, or became dislocated. On January 6, 1995, appellant sent notice to appellee Barrinuevo of his intent to assert a health care liability claim against Rehab Plus for the alleged injury. On January 20, 1995, appellant filed suit against Rehab Plus. He later substituted Barrinuevo and Abito as defendants and dismissed Rehab Plus. Appellees subsequently filed a motion for summary judgment on statute of limitations grounds, claiming that appellant's lawsuit, filed two years and six days after the alleged injury, was untimely. The trial court granted their motion.

## STATUTE OF LIMITATIONS BAR

In his sole point of error, appellant claims that the trial court erred in granting appellees' summary judgment motion because it relied on the incorrect statute of limitations. Appellant contends that the statute of limitations in the Medical Liability and Insurance Improvement Act[1] ("the Act") controls. Section 10.01 of the Act provides, in relevant part:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1998). Section 4.01(a) requires that the person asserting the health care liability claim give written notice of the claim to each health care provider against whom such claim is being made at least 60 days before the filing of any suit based upon that claim. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a) (Vernon Supp.1998). If such notice is properly given, the applicable statute of limitations is tolled for 75 days following the notice date. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(c) (Vernon Supp.1998).

It is uncontested that appellant sent Barrinuevo notice under section 4.01(a) within two years after the alleged injury. Therefore, he contends, the statute of limitations was tolled for 75 days. Accordingly, appellant concludes that his January 20, 1995, filing was timely.

Appellees contend that the statute of limitations under the Act is not the proper statute of limitations. It is their position that they are not covered by section 1.03(a)(3) of the Act, which defines "health care provider" as:

> any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(3) (Vernon Supp.1998). Appellees contend that because physical therapists are not specifically included in this definition, the Act does not govern members of that profession. The applicable statute of limitations, appellees argue, is TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.1998), which provides, "[e]xcept as provided by Section 16.0045,[2] a person must bring suit for … personal injury … not later than two years after the day the cause of action accrues." They conclude that because the statute was not tolled under section 4.01(c), appellant's suit filed two years and six days after the alleged injury is time barred.

### Standard of Review

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Med.,* 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Long v. State Farm Fire & Cas. Co.,*

---

1. TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp. 1998).

2. Section 16.0045 provides a five-year statute of limitations for personal injuries resulting from

sexual and aggravated sexual assaults. TEX.CIV. PRAC. & REM.CODE ANN. § 16.0045 (Vernon Supp. 1998).

828 S.W.2d 125, 126–27 (Tex.App.—Houston [1st Dist.] 1992, writ denied). We take all evidence favorable to the nonmovant as true, and indulge every reasonable inference and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565–66. A defendant is entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991); *Bangert*, 881 S.W.2d at 566.

Applicable Statute

Several courts of appeals have discussed the definition of "health care provider" under the Act. The Fort Worth court held that psychologists were not "health care providers" as defined in section 1.03(a)(3) of the Act. *Lenhard v. Butler*, 745 S.W.2d 101, 105 (Tex.App.—Fort Worth 1988, writ denied). The court relied on the rule of statutory construction known as *expressio unius est exclusion alterius:* express mention of one person, thing, consequence or class, is tantamount to the express exclusion of all others. *Id.* at 105–106. It opined that inclusion of podiatrists, nurses, dentists and pharmacists, but exclusion of other professionals such as chiropractors, optometrists, or psychologists was not a mere oversight. An appellate court is prohibited from supplying a meaning or word that was intentionally deleted from a statute by the legislature merely to make the statute conform to its own notions of justice. *Id.*

In *Townsend v. Catalina Ambulance Co., Inc.*, 857 S.W.2d 791, 796 (Tex.App.—Corpus Christi 1993, no writ), the Corpus Christi court held that the Act does not apply to ambulance companies. It relied on the rules of statutory construction on which *Lenhard* is based. *Id.*

In a recent opinion, this Court held that a professional association of physicians fell within the Act's list of health care providers, notwithstanding its omission from the strict definition. *Campbell v. MacGregor Med.*

*Ass'n*, 01–94–01277–CV, slip op. at 4, —— S.W.2d ——, ——, 1997 WL 201845 (Tex. App.—Houston [1st Dist.] April 24, 1997, writ requested) (to be published). In reaching its result, this Court rejected the strict application of the maxim *expressio unius est exclusion alterius*, considering it a mere rule of construction that would not be applied if it thwarted legislative intent apparent in the context of the entire statute. *Id.* slip op. at 2, at ——. Referring to other sections of the Act that expressly covered "association of physicians," [3] we held that the legislature would not have included such language were a claim under the Act against physician's associations an impossibility. *Id.* slip op. at 4, at ——.

This case is distinguishable from *Campbell.* While physicians are expressly covered under the Act and associations of physicians are referenced elsewhere in the Act, physical therapists are omitted entirely. Therefore, the primary reasoning on which *Campbell* is based, that the legislature would not have addressed professional associations of physicians in section 15.01(a) were a claim under the Act against physicians' associations an impossibility, is inapplicable to this case.

At the time of enactment of the Act, several other statutes used different language and different lists to identify providers of health care. For example, in the Medical Practice Act,[4] the covered entity is deemed a "health care 'entity'" and includes only an HMO, group medical practice, nursing home, or other health care facility. TEX.REV.CIV.STAT. ANN. art. 4495b, § 1.03(a) (Vernon Supp. 1998). A "provider" in the Health Maintenance Organization Act[5] is defined as "any person other than a physician, including a licensed doctor of chiropractic, a registered nurse, pharmacist, optometrist, pharmacy, hospital, or other institution or organization or person that is licensed or otherwise authorized to provide a health care service in this state." TEX.INS.CODE ANN. art. 20A.02(n)(1) (Vernon Supp.1998). Both of these definitions differ from that of the Act's "health care provider," and the latter list, with its

---

**3.** *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 15.01(a) (Vernon Supp.1998).

**4.** TEX.REV.CIV.STAT.ANN. art. 4495b, §§ 1.01–6.13 (Vernon Supp.1998).

**5.** TEX.INS.CODE ANN. arts. 20A.02–.36 (Vernon Supp.1998).

use of "including," does not appear to be exhaustive. As these statutes demonstrate, the legislature could have chosen a different list or could have phrased the definition in such a manner as to make it merely illustrative.

As a final illustration of the propriety of our decision, we look to the activity of the legislature contemporaneous to the passage of the Act. Existing statutes were simultaneously amended to give full effect to the Act. The bill analysis presented to the legislature included not only the definition of health care providers in article 4590i but also the definition that was proposed (and adopted) to amend medical liability insurance coverage provisions in the Insurance Code,[6] as follows:

> 'Health care provider' means any person, partnership, professional association, corporation, facility, or institution duly licensed ... to provide health care as defined in Section 1.03(2), Medical Liability Insurance Improvement Act of Texas, as a registered nurse, hospital, dentist, podiatrist, pharmacist, chiropractor, optometrist, or not-for-profit nursing home, or radiation therapy center....

HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 1048, 65th Leg., R.S. (1977) (emphasis added).

The addition of chiropractors, optometrists, and independent radiation laboratories to only this section implies that these three providers were deliberately omitted from the section of article 4590i that defines health care providers. There are a host of other providers who are also not enumerated in article 4590i, but who could be subject to health care liability claims, such as psychologists, midwives, physician assistants, migrant health clinics, HMOs, PPOs, and physical therapists.

Appellant argues that appellees should be considered health care providers for the purposes of the Act because they refer to their clients as patients, and they keep medical records. We do not find this affidavit evidence persuasive. They also argue that in the legislation creating the Board of Physical Therapy Examiners, physical therapy is defined as a form of health care.[7] Just because the legislature identifies a profession or service as a provider of health care does not mean that such profession or service is covered by the Act absent specific inclusion in the Act, as we discussed above.

We follow the holdings of our sister courts and decline appellant's invitation to extend the definition of a health care provider in the Medical and Liability Insurance Improvement Act to include physical therapists.

Conclusion

Because appellees do not fall under the Act, appellant's claim falls under the two-year statute of limitations in TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.1998). Appellant was required, therefore, to file suit against appellees by January 14, 1995, two years after the alleged injury on January 14, 1993. Because appellant did not file suit until January 20, 1993, the trial court properly granted appellees' motion for summary judgment and dismissed the cause of action.

We overrule appellant's sole point of error.

We affirm the judgment of the trial court.

---

6. TEX.INS.CODE ANN. art. 21.49–3, § 2(6) (Vernon Supp.1998). This definition has not substantively changed since its adoption by the 65th Legislature in 1977.

7. TEX.REV.CIV.STAT.ANN. art. 4512e, § 1(1) (Vernon Supp.1998).