**Lisa M. HENRY and Steven R. Henry, Appellants,**

**v.**

**PREMIER HEALTHSTAFF, n/k/a Careerstaff Unlimited, Appellee.**

**No. 2–99–055–CV.**

Court of Appeals of Texas, Fort Worth.

June 22, 2000.

Phil Burleson, Jr., Katy R. Klinke, Burleson, Pate & Gibson, L.L.P., Dallas, for appellant.

David M. MacDonald, Amy S. Harris, Chad M. Ruback, McCauley, MacDonald,

Devin & Huddleston, P.C., Dallas, for appellee.

PANEL F: LIVINGSTON, DAUPHINOT, and RICHARDS, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### INTRODUCTION

Lisa M. Henry and Steven R. Henry (the Henrys) appeal from the trial court's grant of summary judgment in favor of Premier Healthstaff (Premier). On appeal, the Henrys argue the trial court erred in granting Premier's motion for summary judgment because Premier failed to provide competent summary judgment evidence to prove it was not a health care provider as that term is defined by the Medical Liability and Insurance Improvement Act (MLIIA). Accordingly, the Henrys assert their claims are not time-barred as a matter of law. Because we determine the trial court erred in granting Premier's motion for summary judgment, we sustain the Henry's complaint and reverse the trial court's judgment.

### FACTUAL BACKGROUND

Lisa was admitted to Fort Worth Osteopathic Hospital (the hospital) on May 26, 1995 and underwent physical therapy, administered by employees of Premier on May 30, 1995 and June 1 and 2, 1995. On May 8, 1997, the Henrys sent notice to Premier of their intent to assert a health care liability claim. In that notice, the Henrys alleged that Lisa's physical therapy was improperly administered, causing her condition to worsen and resulting in her being permanently disabled.[1] On August 8, 1997, the Henrys filed this suit against Premier. Premier then filed a motion for summary judgment on statute of

---

1. The Henrys also sent notice to the hospital, Dr. Edward Luke, Jr., and Dr. Bernard R. Rubin. The Henrys' suit against the hospital and Dr. Luke were dismissed with prejudice due to the Henrys' failure to timely provide expert reports under section 13.01(d) of the MLIIA. The Henrys non-suited Dr. Rubin.

limitations grounds, claiming the Henrys' lawsuit, filed two years and sixty-seven days after the alleged injury, was untimely. The trial court granted Premier's motion.

## APPLICABLE STATUTE OF LIMITATIONS

The Henrys argue Premier is a "health care provider" as that term is defined in the MLIIA. Therefore, they contend Premier is subject to the two-year statute of limitations as well as the seventy-five day tolling provision in the MLIIA.

■ Section 10.01 of the MLIIA provides that no health care liability claim can be brought unless "the action is filed within two years ... from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed...." TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2000). Section 4.01(a) requires the person asserting the health care claim provide written notice to the health care provider at least sixty days before filing suit based on that claim. *Id.* § 4.01(a). The required written notice tolls the statute of limitations for an additional seventy-five days. *See id.* 4.01(c); *Thompson v. Community Health Inv. Corp.*, 923 S.W.2d 569, 571 (Tex.1996) (stating that proper notice within initial two-year period tolls limitations period for additional seventy-five days). After the expiration of seventy-five days, the remaining portion of the limitations period runs. *See Thompson,* 923 S.W.2d at 571; *De Romo v. St. Mary of Plains Hosp. Found.,* 843 S.W.2d 72, 74 (Tex.App.— Amarillo 1992, writ denied) (op. on reh'g).

Here, it is not disputed that the Henrys sent Premier notice under section 4.01(a) within two years after Lisa's alleged injury. The Henrys argue that because the statute of limitations was then tolled for an additional seventy-five days, their August 8, 1997 filing of this suit was timely. However, Premier contends that it is not a "health care provider" as defined by sec-

tion 1.03(a)(3) of the MLIIA. Section 1.03(a)(3) defines "health care provider" as:

> any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(3).

Premier argues that because physical therapists are not specifically included in this definition, the MLIIA does not apply to members of that profession. Therefore, Premier contends that the applicable statute of limitations is found in section 16.003 of the civil practice and remedies code. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp.2000). Under section 16.003, its two year limitations period has no tolling period applicable to this case.

If Premier's assertion that it is not a "health care provider" under section 1.03(a)(3) of the MLIIA is correct, then the Henry's suit filed two years and sixty-seven days after Lisa's date of injury is time-barred.

## SUMMARY JUDGMENT STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996);

*Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.,* 391 S.W.2d at 47.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co.,* 926 S.W.2d at 282. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

## IS PREMIER A HEALTH CARE PROVIDER OR AN AGENT OF ONE?

■ The controlling issue on appeal is whether Premier is a health care provider, as defined in section 1.03(a)(3) of the MLIIA. This precise question was addressed in *Terry v. Barrinuevo,* 961 S.W.2d 528 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (op. on reh'g). In *Terry,* the court declined to extend the definition of a health care provider in the MLIIA to include physical therapists. *Id.* at 531. Accordingly, the court held that, in a suit against a physical therapist, a notice-of-claim letter does not serve to toll the statute of limitations. *See id.* Therefore, that suit, which was filed two years and six days after the date of injury, was time-barred. *See id.*

Likewise, other courts, including this court, have addressed the applicability of the MLIIA to other professionals in health-related fields, and have declined to extend the applicability of the MLIIA to those professions not expressly listed in section 1.03(a)(3). *See, e.g., Grace v. Colorito,* 4 S.W.3rd 765, 769 (Tex.App.—Austin 1999, pet. denied) (holding licensed counselors are not included within the stat-utory definition of "health care providers"); *Townsend v. Catalina Ambulance Co.,* 857 S.W.2d 791, 796 (Tex.App.—Corpus Christi 1993, no writ) (holding the MLIIA does not apply to ambulance companies); *Lenhard v. Butler,* 745 S.W.2d 101, 105 (Tex.App.—Fort Worth 1988, writ denied) (holding psychologists are not "health care providers" as defined in section 1.03(a)(3)).

Accordingly, we hold physical therapists are not included in the specific itemized definitions of "health care provider" under the MLIIA. This does not, however, end our inquiry.

The Henrys also argue on appeal that summary judgment was not proper because they affirmatively pled that Premier and its employee Maharlika Pasatiempo were agents of the hospital and thus, fall under the section 1.03(a)(3) definition of health care providers. If so, the tolling provision of the MLIIA could be applicable to Premier through the hospital under section 1.03(a)(3) because the term "health care provider" also includes any officer, employer, or agent thereof acting within the course and scope of employment. TEX. REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(3).

■ As set forth above, a defendant moving for summary judgment must conclusively establish each essential element of its affirmative defense. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). A movant asserting limitations assumes the burden to show as a matter of law that the suit is time-barred. *See Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996).

■ As the nonmovants, the Henrys had no burden in response to Premier's motion for summary judgment unless Premier first conclusively established its limitations defense. *See Oram v. General Am. Oil Co.,* 513 S.W.2d 533, 534 (Tex.1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975). As the Texas Supreme Court has explained, there is

a distinction between pleas by the non-movant which challenge the existence of limitations ... and those which do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance. In the latter instance, the non-movant does have the burden of raising a fact issue with respect to his affirmative defense.

*Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). "If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment." *Jennings,* 917 S.W.2d at 793. Premier therefore cannot establish the affirmative defense of limitations until it negates the applicability of the tolling provision of section 4.01(c). *See Zale,* 520 S.W.2d at 891. In other words, Premier has the burden of establishing it is not a health care provider *or an agent* of a health care provider.

As summary judgment evidence, Premier produced the following excerpt from the affidavit of Elizabeth Panko, who supervised Maharlika Pasatiempo, the physical therapist who administered physical therapy to Lisa:

> From the time of her employment at Premier Healthstaff in January, 1995 through June, 1995, Ms. Pasatiempo was not an employee, agent or representative of any entity or person other than Premier Healthstaff. Specifically, from January through June, 1995, Ms. Pasatiempo was not an employee, agent or representative of the following persons: The Fort Worth Osteopathic Hospital. . . .

While Panko's affidavit may establish that *Pasatiempo* was not an officer, employee, or agent of the hospital, it does not conclusively establish that *Premier* was not an officer, employee, or agent of the hospital. The Henrys alleged not only that Premier was vicariously liable for Pasatiempo's negligent acts, but also that Premier was

directly liable for its own negligence in failing to properly train, instruct, and supervise its physical therapists.

Because Premier failed to show that it was not an agent of a health care provider, it failed to negate the application of MLIIA's tolling provision.[2] Therefore we hold that Premier did not conclusively establish each element of the affirmative defense of limitations as a matter of law and that the trial court's grant of summary judgment was therefore improper. We reverse and remand to the trial court for further proceedings consistent with this opinion.

---

2. We note that Premier's failure to show it was not an agent under the MLIIA is not a

determination by this court that it was an agent for any other purposes.