Maria Elena PONCE, Appellant,

v.

EL PASO HEALTHCARE SYSTEM, LTD. d/b/a Columbia Medical Center–East, Appellee.

No. 08–00–00227–CV.

Court of Appeals of Texas, El Paso.

June 7, 2001.

Heather A. Ronconi, Karen A. Pelletier, El Paso, for appellant.

Gary Allen Norton, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

McCLURE, Justice.

Maria Elena Ponce ("Ponce") appeals from an order dismissing her suit against El Paso Healthcare System, Ltd. d/b/a Columbia Medical Center–East ("Columbia"). We affirm.

### FACTUAL SUMMARY

Following surgery to repair a left rotator cuff injury in late 1997, Ponce began physical therapy at Columbia. According to her pleadings, she suffered a re-injury of the rotator cuff during her first physical therapy session and subsequently had to undergo surgery to repair it. On August 18, 1999, Ponce filed suit against Columbia, alleging negligence on the part of the treating occupational therapist, a Columbia employee. She further alleged that Columbia was negligent in failing to properly supervise and train its employee in the proper treatment of patients with rotator cuff injuries.

On February 15, 2000, Columbia filed a motion to dismiss Ponce's suit because she had failed to file either a cost bond or expert report as required by TEX.REV.CIV. STAT.ANN. art. 4590i, § 13.01(a) and (d)(Vernon Supp.2001). At the conclusion of the hearing on the motion, the trial court granted Ponce a thirty-day extension of time in which to file the expert report while the trial court considered whether or not Article 4590i applied to the case. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 13.01(f)(authorizing trial court to extend time periods specified in Subsection (d) for an additional thirty days). A few days after the hearing, the trial judge notified the parties by letter that he had determined Article 4590i applied and Ponce would be required to meet its requirements. Despite the extension of time granted, Ponce did not file an expert report nor did she file a cost bond. Consequently, Columbia filed a second motion to dismiss with prejudice which the trial court granted by written order.

## APPLICATION OF MEDICAL LI-ABILITY AND INSURANCE IMPROVEMENT ACT

In her sole issue presented for review, Ponce contends that the trial court erred in dismissing her suit because Article 4590i does not apply to her action against Columbia. She argues that an occupational therapist is not a "health care provider" within the meaning of the Medical Liability and Insurance Improvement Act (the MLIIA or the Act),[1] her suit is not a "health care liability claim," and further, the occupational therapist did not engage in "health care" as defined by the MLIIA.

### Relevant Statutes

Columbia obtained dismissal of the suit based upon Ponce's failure to comply with the requirements of Article 4590i, section 13.01(d), which states:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 13.01(d).

Subsection 13.01(e) provides that if a claimant fails to comply with Subsection 13.01(d), upon motion of the "affected physician or health care provider," the court shall enter the following sanctions against the claimant:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 13.01(e).

### Standard of Review

Ordinarily, we apply an abuse of discretion standard when reviewing a dismissal under Section 13.01. *Tibbetts v. Gagliardi*, 2 S.W.3d 659, 663 (Tex.App.—Houston [14th Dist.] 1999, writ denied). In this case, however, the issues involve statutory construction and the applicability of Article 4590i to Ponce's claim, which we review *de novo*. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989)(holding statutory construction is question of law); *Neasbitt v. Warren*, 22 S.W.3d 107, 109 (Tex.App.—Fort Worth 2000, no pet.)(holding applicability of Article 4590i to veterinarian is pure question of law).

### Health Care Provider

We will first address Ponce's contention that the MLIIA is inapplicable because the occupational therapist who caused her injury is not a "health care provider" as defined by Section 1.03(a)(3). According to Ponce, the MLIIA does not govern those claims based upon the conduct of an employee who is not a health care provider. In other words, Section 1.03(a)(3) requires that both the employer and employee be a health care provider in

---

1. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.01    et seq.

order for the Act to apply to a suit. We disagree.

The Act provides the following definition of "health care provider":

'Health care provider' means any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(3).

Ponce is correct that Section 1.03(a)(3)'s definition does not include physical therapists or occupational therapists, and therefore, they are not health care providers under the MLIIA. *See Henry v. Premier Healthstaff*, 22 S.W.3d 124, 127 (Tex. App.—Fort Worth 2000, no pet.)(holding that physical therapists are not included in the specific itemized definition of "health care provider" under the MLIIA); *Terry v. Barrinuevo*, 961 S.W.2d 528, 530 (Tex. App.—Houston [1st Dist.] 1997, no pet.)(holding that physical therapists are not health care providers, and therefore, plaintiff's notice of claim letter sent to physical therapist did not toll statute of limitations).[2] Unlike the factual situation in *Terry*, however, Ponce has not sued an individual occupational therapist; rather, she has asserted a health care liability

claim against an employee of a health care provider. Contrary to Ponce's reading of Section 1.03(a)(3), nothing in the plain language of this definition suggests that the officer, employee, or agent must also be a health care provider.

■ Our holding in this regard is supported by the Second Court of Appeals' decision in *Henry v. Premier Healthstaff*. Henry was admitted to Fort Worth Osteopathic Hospital and underwent physical therapy administered by employees of Premier. Henry sent notice to Premier, alleging that physical therapy was improperly administered, causing her condition to worsen and ultimately resulted in permanent disability. She filed suit more than two years after the claimed injury. Like the instant case, Henry asserted not only that Premier was vicariously liable for the physical therapist's negligent acts, but also that Premier was directly liable for its own negligence in failing to properly train, instruct, and supervise its physical therapists. *Henry*, 22 S.W.3d at 128. Premier subsequently filed a motion for summary judgment on limitations grounds. The trial court granted summary judgment and Henry appealed. The Court of Appeals agreed that physical therapists are not included in the definition of health care providers, but found that summary judgment was improperly granted because Premier had failed to conclusively negate Henry's allegation that Premier was an agent of the hospital. *Id.* at 127–28. Because Premier failed to show that it was

---

**2.** In addition to these two decisions, several courts have considered Section 1.03(a)(3)'s definition of "health care provider" and reached a similar result. Often relying on the rule *expressio unius est exclusion alterius* (the express mention of one person, thing, consequence, or class is tantamount to the exclusion of all others), the courts have determined that various providers and professionals not named in the definition are not "health care providers." *See, e.g., Grace v. Colorito*, 4

S.W.3d 765, 769 (Tex.App.—Austin 1999, pet. denied)(holding licensed counselors are not included within statutory definition of "health care providers"); *Townsend v. Catalina Ambulance Co., Inc.*, 857 S.W.2d 791, 796 (Tex. App.—Corpus Christi 1993, no writ)(holding the MLIIA does not apply to ambulance companies); *Lenhard v. Butler*, 745 S.W.2d 101, 105 (Tex.App.—Fort Worth 1988, writ denied)(holding psychologists are not "health care providers" as defined in the MLIIA).

not an agent of a health care provider, it failed to negate the application of the MLIIA's tolling provision. *Id.* at 128. Thus, the *Henry* case demonstrates that the provisions of the MLIIA apply to an agent of a health care provider regardless of whether the agent independently meets Section 1.03(a)(3)'s definition of health care provider.

### Health Care Liability Claim

■ Ponce next argues that her claim is not a "health care liability claim" within the meaning of the Act because she has alleged a common law negligence claim against Columbia's employee rather than a medical malpractice claim. She further contends that her claim does not involve breach of an accepted standard of medical care, and consequently, expert testimony is not required to prove the standard of care to be used by an occupational therapist.

The Act defines a "health care liability claim" to mean:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 1.03(a)(4).

■■ Rather than being bound by a party's characterization of her cause of action, we examine the underlying nature of the claim to determine whether it is a "health care liability claim" under Article 4590i. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex.1994); *see also Rogers v. Crossroads Nursing Service, Inc.*, 13 S.W.3d 417, 418–19 (Tex.App.—Corpus Christi 1999, no pet.). As Ponce correctly states, not all contacts between a health care professional and a patient are subject to the Act, but only those that directly involve medical or health care. *Rogers*, 13 S.W.3d at 419. Thus, the key inquiry is whether the claim is based upon an alleged departure from accepted standards of medical care or health care or safety.

In support of her argument that this is not a health care liability claim, Ponce relies on *Rogers*. There, Crossroads Nursing Services provided home health care to Rogers while he recuperated from back surgery. In his suit, Rogers alleged that a Crossroads employee negligently placed a heavy supply bag on a table close to him. When the bag fell, it reinjured Rogers. He sued Crossroads for its employee's conduct based upon a common law negligence theory. Finding that the suit was governed by the Medical Liability and Insurance Improvement Act, the trial court dismissed the action for Rogers' failure to provide an expert report to Crossroads. On appeal, the Corpus Christi Court of Appeals found that the question of how to place a heavy supply bag in a patient's home so as not to injure the patient is not governed by an accepted standard of safety within the health care industry, but rather is governed by the ordinary standard of care. *Rogers*, 13 S.W.3d at 418–19. Thus, Rogers' cause of action for negligence was not a health care liability claim but was instead one for common law negligence. *Id.* at 419. The instant case is readily distinguishable.

Ponce alleged that Columbia's employee reinjured her left rotator cuff tear by inappropriate and negligent manipulation of the shoulder during physical therapy. She further alleged negligence on the part of Columbia because it failed to properly train and supervise the occupational therapist in the proper treatment of patients with rotator cuff injuries. Although not expressly stated by Ponce in her plead-

ings, the proper treatment of such injuries and the training and supervision of occupational therapists to provide the required care is necessarily governed by an acceptable standard of medical care, health care, or safety, and expert testimony will be required to establish the appropriate standard of care. Because her claim is based upon an alleged departure from accepted standards of medical care, health care, or safety, Ponce's suit against Columbia is a "health care liability claim." [3]

### Health Care

 Finally, Ponce contends that the MLIIA does not apply because the occupational therapist did not provide "health care." That phrase is defined by Section 1.03(a)(2) to mean:

> [A]ny act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.03(a)(2).

Ponce alleged that her physician prescribed physical therapy following surgery and that Columbia and the occupational therapist performed that prescribed treatment. Based upon these pleadings, we find that physical therapy is health care because it was an act or treatment performed upon or furnished to Ponce by a health care provider during her medical

care or treatment. For all of these reasons, we find that the trial court did not abuse its discretion in determining that the MLIIA applied to Ponce's claim or in dismissing her suit for failure to comply with the Act's requirements. Her sole issue is overruled and the judgment of the trial court is affirmed.

---

**3.** Both Ponce and Columbia have argued the applicability of the MLIIA to extraneous situations outside the scope of the factual scenario before us. Ponce argues broadly that health care providers will attempt, and in fact have attempted, to apply the MLIIA to slip and fall cases or other incidents involving ordinary negligence such as occurred in *Rogers*. Perhaps justifying Ponce's fear of a slippery slope, counsel for Columbia argued at oral argument that a suit against an individual

occupational therapist would fall within the MLIIA so long as he or she is an employee of a health care provider, and counsel further suggested that a slip and fall case could also be a health care liability claim. Our opinion should not be read as supporting Columbia's arguments to that effect. To the contrary, our opinion is based solely on the facts alleged in Ponce's pleadings. Whether the MLIIA applies in future cases will necessarily be determined on a case-by-case basis.