# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00296-CV

**Carolyn A. Sherman, Appellant**

**v.**

**Austin State Hospital, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN403150, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carolyn A. Sherman appeals from the dismissal of her medical malpractice claim arising from the death of her daughter, LaShonda L. Washington, at the Austin State Hospital. While a patient at the hospital, Washington suffered a heart attack and died. Sherman alleged that hospital staff action and inaction caused or contributed to Washington's death. The district court dismissed this suit because Sherman failed to file a timely expert's report on causation of her daughter's death. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2005). We affirm the order dismissing this cause.

According to Sherman's petition, her daughter was a mentally ill patient at the Austin State Hospital. Sherman asserted that hospital staff ignored Washington's complaints of heart-attack-like symptoms and sent her back to her room, where she died. Sherman also suspected that the staff might have restrained Washington, leading to suffocation that caused the heart attack.

She alleged that deliberate delays in providing care contributed to her daughter's death. Sherman raises these and other issues regarding her daughter's death in her appellate brief.

This medical malpractice case was dismissed for Sherman's failure to file a timely expert's report. A plaintiff in a medical malpractice suit is required to file a report that summarizes an expert's opinion regarding the applicable standards of care, the manner in which the care provided failed to meet those standards, and the causal relationship between that failure and the injury, harm, or damages claimed. *See id.* § 74.351(r)(6). The report must be filed not later than the 120th day after the date the claim was filed and served on each defendant. *Id.* § 74.351(a). The plaintiff's failure to file and serve such a report within the specified period requires the trial court, on the motion of the affected physician or health care provider, to dismiss the claim with respect to the physician or health-care provider. *Id.* § 74.351(b). The report need not marshal all of the plaintiff's proof, but it must include the expert's opinion on each of the elements identified in the statute. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001).

We review a dismissal on these grounds for an abuse of discretion. *See Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Ponce v. El Paso Healthcare Sys., Ltd.*, 55 S.W.3d 34, 36 (Tex. App.—El Paso 2001, pet. denied). A trial court abuses its discretion by acting unreasonably, arbitrarily, or without regard for any guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

We find no abuse of discretion in the district court's dismissal of this cause. Sherman sent a medical examiner's report and toxicology reports in an attempt[1] to comply with the report requirement. The autopsy report concludes by finding that the cause of death was "natural," and is silent as to the standard of care the hospital was to provide, how the hospital fell short, and how that shortcoming caused Washington's death. A report finding only the cause of death does not satisfy the statutory requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6); *Shaw v. BMW Healthcare, Inc.*, 100 S.W.3d 8, 13 (Tex. App.—Tyler 2002, pet. denied). The district court did not abuse its discretion by concluding that Sherman did not file a report that met the statutory standards. Neither did the court abuse its discretion by dismissing Sherman's claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).

We affirm the order dismissing this cause.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: February 9, 2006

---

[1] Sherman asserts that, proceeding *pro se*, she tried to the best of her ability to comply with the statute. Pro se litigants are bound by the same procedural rules and laws as those represented by attorneys. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

3