Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
NCED MENTAL HEALTH, INC. d/b/a             ) 
NCED MENTAL HEALTH CENTER,           )                  No. 08-05-00270-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  County Court at Law No. 7
)
SANDRA KIDD,                                                 )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2004-2905)

O P I N I O N

            NCED Mental Health, Inc. d/b/a NCED Mental Health Center brings this interlocutory appeal
from an order denying its motion to dismiss Sandra Kidd’s suit for failure to file the expert report
required by Section 74.351 of the Texas Civil Practice and Remedies Code.


 Kidd’s suit arises from
alleged sexual assaults committed by a mental health technician while Kidd was a patient at NCED. 
The issue before us is whether Kidd’s claims against NCED for negligent hiring, sexual assault,
sexual exploitation, and premises liability are health care liability claims under the Texas Medical
Liability and Insurance Improvement Act (the Act). Because we conclude that they are, we reverse
and remand with instructions.
FACTUAL SUMMARY
            Kidd filed an original petition on July 8, 2004 alleging that while a patient at NCED, she was
sexually assaulted by a mental health technician named Emanuel Ferman. Kidd voluntarily admitted
herself on May 9, 2003 to receive treatment for sexual disorders, self-mutilation tendencies, bipolar
disease, and other illnesses. During her twenty-one day stay, Kidd was treated by several members
of the hospital staff including Ferman, who was responsible for making routine checks of the patients
during the night shift. Sometime between May 10 and May 25, Ferman allegedly entered Kidd’s
room and demanded that she participate in a variety of sexual acts. These acts occurred while Kidd
was in a “heavy state of sleep” as a result of medication and without her knowledge or consent. Kidd
also alleged that between May 25 and May 28, Ferman had sexual intercourse with her in the “group
room” while she was heavily sedated. Finally, on May 29, 2003, Ferman again forced Kidd to
engage in sexual acts while in the “group room.” Ferman purportedly had knowledge of Kidd’s
medications because he had access to her medical chart. Upon learning that she would be leaving
the facility, Kidd reported the sexual contact and identified Ferman. She subsequently brought suit
against NCED asserting claims for negligence, gross negligence, sexual assault, sexual exploitation,
and negligent hiring.


 
            On November 10, 2004, NCED filed a motion to dismiss based on Kidd’s failure to file the
expert report required by the Act. On December 21, 2004, Kidd filed a motion for nonsuit of her
“medical malpractice claims under Chapter 74 of the Texas Civil Practice and Remedies Code.” The
trial court signed an order dismissing Kidd’s “medical malpractice claims under Chapter 74” the
same day. Kidd filed her first amended petition on January 6, 2005, alleging claims for negligent
hiring, gross negligence, sexual assault, sexual exploitation, and premises liability. The trial court
denied the motion to dismiss and this appeal follows. 
HEALTH CARE LIABILITY CLAIM
            In four issues for review, NCED complains that all of Kidd’s causes of action are health care
liability claims. Ordinarily, we review the denial of a motion to dismiss filed pursuant to Section
74.351 under an abuse of discretion standard. See American Transitional Care Centers of Texas,
Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Ponce v. El Paso Healthcare System, Ltd., 55
S.W.3d 34, 36 (Tex.App.--El Paso 2001, pet. denied). But where, as here, the issues involve
statutory construction and the applicability of Chapter 74 to the plaintiff’s claims, we apply a de novo
standard of review. Ponce, 55 S.W.3d at 36.
            A cause of action against a health care provider is a health care liability claim


 under Chapter
74 if it is based on a claimed departure from an accepted standard of medical care,


 health care,



safety,


 or professional or administrative services,


 whether the action sounds in tort or contract. 
Tex.Civ.Prac.&Rem.Code Ann. § 74.001(a)(13)(Vernon 2005); Diversicare General Partner, Inc.
v. Rubio, 185 S.W.3d 842 (Tex. 2005); MacGregor Medical Association v. Campbell, 985 S.W.2d
38, 41 (Tex. 1998). A cause of action alleges a departure from accepted standards of medical care
or health care if the act or omission complained of is an inseparable part of the rendition of medical
services. Diversicare, 185 S.W.3d at 848; Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995). The
necessity of expert testimony from a medical or health care professional to prove a claim may also
be an important factor in determining whether a cause of action is an inseparable part of the rendition
of medical or health care services. Diversicare, 185 S.W.3d at 848; Garland Community Hospital
v. Rose, 156 S.W.3d 541, 544 (Tex. 2004). However, the fact that expert testimony may not be
necessary to support a verdict at trial does not necessarily mean that a claim is not a health care
liability claim under Chapter 74. Murphy v. Russell, 167 S.W.3d 835, 838 (Tex. 2005). To
determine whether a cause of action is a health care liability claim, we examine the underlying nature
of the claim and we are not bound by the form of the pleading. Diversicare, 185 S.W.3d at 847;
Ponce, 55 S.W.3d at 38.
Negligent Hiring
            In Issue One, NCED contends that the trial court erred by concluding that Kidd’s negligent
hiring claim is not a health care liability claim. Kidd alleged in her amended petition that NCED has
a duty to investigate an employee’s criminal background where the employee is given access to a
“vulnerable group,” and that NCED breached that duty by failing to investigate Ferman’s prior
criminal history. Kidd also alleged that NCED owed her a duty to hire, supervise, train or retain
competent employees who were expected to work with “fragile clients” and that NCED breached
its duty by failing to adequately train and supervise Ferman in his capacity as a mental health
technician. 
            The general rule is that there is no duty to protect another from the conduct of a third person. 
Greater Houston Transportation Company v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). An
exception exists where there is a special relationship between the defendant and the injured party or
between the defendant and the third person. Id.; Doe v. Boys Clubs of Greater Dallas, Inc., 868
S.W.2d 942, 949 (Tex.App.--Amarillo 1994), aff’d 907 S.W.2d 472 (Tex. 1995). In that instance,
the defendant has a duty to prevent injuries to others if it reasonably appears or should appear that
others might be injured. Doe, 868 S.W.2d at 949. A special relationship has been found to exist
when an employee’s duties place him in potential contact with particularly vulnerable individuals. 
See Porter v. Nemir, 900 S.W.2d 376, 386 (Tex.App.--Austin 1995, no writ)(where counselor
engaged in sexual misconduct with woman enrolled in out-patient drug and alcohol program, court
held that counselor’s employer owed higher duty to hire and retain competent and “sexually
appropriate” counselors given that program treated psychologically fragile clientele); Doe, 868
S.W.2d at 950-51 (employer whose function is to care for and educate children owed a higher duty
to its patrons to exercise care in the selection of its employees than would other employers);
Deerings West Nursing Center v. Scott, 787 S.W.2d 494, 495 (Tex.App.--El Paso 1990, writ
denied)(nursing home had a duty to exercise reasonable care in the selection of its medical staff
where nursing home hired unlicensed nurse-employee who assaulted an elderly visitor). Under the
special relationship exception, there are two theories which may impose a duty on an employer: 
respondeat superior and negligent hiring. Doe, 868 S.W.2d at 950. Kidd bases her claims on
NCED’s own negligence in hiring Ferman rather than its vicarious liability for Ferman’s torts under
the respondeat superior theory. Under the negligent hiring theory, Kidd must prove that her injuries
resulted from the employment. See Doe, 868 S.W.2d at 950.
            Essentially, Kidd’s negligent hiring claim alleges that NCED violated the standard of care
related to the hiring and supervision of a mental health technician who provides health care to
vulnerable and fragile patients, and that she was injured as a result of Ferman’s employment. 
According to Kidd, her vulnerability was a direct result of the medical treatment provided by NCED. 
It is not within the common knowledge of the general public to determine the ability of patients on
certain medications to protect themselves from assaultive conduct or whether a potential target of
an attack in a health care facility should be better protected and by what means. See Diversicare,
185 S.W.3d at 851. Thus, expert testimony would be required to prove NCED’s alleged breach of
the standard of care. As such, this claim is inseparable from the rendition of health care. See Buck
v. Blum, 130 S.W.3d 285, 291-92 and n.6 (Tex.App.--Houston [14th Dist.] 2004, no pet.). Because
the claim for negligent hiring is a health care liability claim, we sustain Issue One.
Vicarious Liability for Sexual Assault
            In its second issue, NCED maintains that Kidd’s sexual assault claim is also a health care
liability claim. Kidd seeks to hold NCED vicariously liable by alleging that Ferman was in the
course and scope of his employment when he sexually assaulted her. An employer may be held
liable for the tortious acts of an employee if the acts are within the course and scope of employment. 
See Baptist Memorial Hospital System v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998); Buck, 130
S.W.3d at 288. This requires proof that the employee is acting (1) within the general authority
granted by the employer, (2) in furtherance of the employer’s business, and (3) for the
accomplishment of an object for which he is employed. Buck, 130 S.W.3d at 288. The typical
respondeat superior claim involves an allegation of negligence on the part of the employee. Id. In
this case, however, Kidd alleges that NCED’s employee committed sexual assault, an intentional
tort.
            It is ordinarily not within the scope of a servant’s authority to commit an assault on a third
person. Texas & Pacific Railway Company v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236, 239, 241
(1952); Buck, 130 S.W.3d at 288. But if an assault is so connected with and immediately arising out
of authorized employment tasks as to merge the task and the assaultive conduct into one indivisible
tort, it may be imputed to the employer. Buck, 130 S.W.3d at 288. An assault could be considered
to be in the course and scope of employment when the nature of the employment necessitates the use
of force, such as the duty to guard property. Thus, the use of force may be in furtherance of the
employer’s business even if more force than necessary is applied. Id. at 289 n.2.
            Kidd claims NCED is liable for the sexual assaults because it failed to investigate Ferman’s
background and take adequate safety measures to protect her from Ferman, whom she alleges is a
convicted felon.


 A plaintiff cannot use artful pleading to avoid the Act’s requirements when the
essence of the suit is a health care liability claim. Diversicare, 185 S.W.3d at 851. A recasting of
a health care liability claim based upon physician or health care provider negligence in the garb of
some other cause of action will not be allowed to circumvent the Act. Id. A claim that NCED
breached the standard of care for safety is a health care liability claim. See Diversicare, 185 S.W.3d
at 851-53; Buck, 130 S.W.3d at 291-92. We sustain Issue Two.
Sexual Exploitation
            In Issue Three, NCED argues that Kidd’s cause of action for sexual exploitation is a health
care liability claim. Kidd alleged that NCED failed to: (1) prevent or stop the sexual exploitation
by Ferman;


 (2) report the sexual assault to the District Attorney’s Office; (3) advise Kidd of
NCED’s duty to report the allegations to the District Attorney and the Texas Department of Health,
and (4) determine whether Kidd wished to remain anonymous. 
            Chapter 81 of the Civil Practice and Remedies Code addresses sexual exploitation by mental
health services providers.


 Section 81.006 places a duty to report on the employer of a mental health
services provider when the employer has reasonable cause to suspect that a patient has been the
victim of sexual exploitation by a mental health services provider during the course of treatment, or
if the patient alleges sexual exploitation by a mental health services provider during the course of
treatment. Tex.Civ.Prac.&Rem.Code Ann. § 81.006(a). The employer must report the alleged
conduct not later than the 30th day after the date the employer became aware of the conduct or the
allegations to the prosecuting attorney in the county in which the alleged sexual exploitation
occurred; and any state licensing board that has the responsibility for the mental health services
provider’s licensing. Id. Before making a report under this section, the reporter must inform the
victim of the reporter’s duty to report and determine whether the victim wants to remain anonymous. 
Tex.Civ.Prac.&Rem.Code Ann. § 81.006(b). Information in a report is privileged information and
is for the exclusive use of the prosecuting attorney or state licensing board that receives the
information, and may not be disclosed except to the extent disclosure is consistent with the purpose
for which the person first obtained the information. Tex.Civ.Prac.&Rem.Code Ann. § 81.006(d). 
A person who intentionally violates subsection (a) or subsection (d) is subject to disciplinary action
by the person’s licensing board and also commits a class C misdemeanor. Tex.Civ.Prac.&Rem.
Code Ann. § 81.006(e).
            Section 81.002 provides for a cause of action by a patient or former patient against a mental
health services provider for damages for sexual exploitation if the patient or former patient suffers,
directly or indirectly, a physical, mental, or emotional injury caused by, resulting from, or arising out
of:
(1) sexual contact between the patient or former patient and the mental health
services provider;
 
(2) sexual exploitation of the patient or former patient by the mental health services
provider; or
 
(3) therapeutic deception of the patient or former patient by the mental health
services provider.

Tex.Civ.Prac.&Rem.Code Ann. § 81.002.
            Pertinent to this case, Section 81.003(a)(2) provides that an employer of a mental health
services provider is liable to a patient or former patient of the mental health services provider for
damages if the patient or former patient is injured as described by Section 81.002; the employer
knows or has reason to know that the mental health services provider engaged in the sexual
exploitation of the patient or former patient; and the employer failed to:
(A) report the suspected sexual exploitation as required by Section 81.006; or
 
(B) take necessary action to prevent or stop the sexual exploitation by the mental
health services provider.

Tex.Civ.Prac.&Rem.Code Ann. § 81.003(a)(2). An employer is liable under Section 81.003 only
to the extent that the failure to take the action described by Sections 81.003(a) and 81.003(b) was
a proximate and actual cause of damages sustained by the patient. Tex.Civ.Prac.&Rem.Code Ann.
§ 81.003(c).
            The Civil Practice and Remedies Code defines “professional or administrative services” as
those duties or services that a physician or health care provider is required to provide as a condition
of maintaining the physician’s or health care provider’s license, accreditation status, or certification
to participate in state or federal health care programs. Tex.Civ.Prac.&Rem.Code Ann. §
74.001(a)(24). To participate in Medicare and Medicaid, NCED must satisfy certain conditions. See
generally 42 CFR §§ 482.1, 482.2, 482.11-482.13, 482.21-482.28, 482.30, 482.41, 482.43, 482.45,
482.51-482.57, 482.60-482.62. Included is a requirement that NCED protect and promote each
patient’s rights, including the right to receive care in a safe setting and the right to be free from all
forms of abuse or harassment. See 42 CFR §§ 482.13, 482.13(c)(2)-(3). State law also ensures the
right of patients to be free from abuse and exploitation. See 25 Tex.Admin.Code § 404.154(24). 
In addition to the reporting duty imposed by Section 81.006, the Texas Administrative Code imposes
a duty on a private psychiatric hospital to report any incident of abuse, including rape or sexual
assault, neglect, exploitation, or illegal, unethical conduct, or unprofessional conduct to the
Department of State Health Services (formerly the Texas Department of Health). See 25
Tex.Admin.Code § 134.46(a), (c)(3). Failure to comply with these requirements subjects a facility
to investigative and enforcement actions by the Department of State Health Services and could result
in denial, suspension, or revocation of its license. 25 Tex.Admin.Code §§ 134.81, 134.83. We
conclude that the sexual exploitation cause of action is a health care liability claim because it is
based on a claimed departure from an accepted standard of professional or administrative services,
that is, NCED’s duty to protect Kidd’s right to receive care in a safe setting and to be free from all
forms of abuse or harassment, and its duty to report the sexual exploitation committed by Ferman. 
Issue Three is sustained.
Premises Liability 
            In Issue Four, NCED challenges the trial court’s conclusion that Kidd’s premises liability
cause of action is not a health care liability claim. Her amended petition alleges that NCED failed
to adequately investigate Ferman’s criminal history; failed to take appropriate and timely action in
light of Ferman’s criminal background; failed to provide Kidd with adequate and safe conditions
from sexual predatory behavior; failed to adequately and timely report the allegations of sexual
improprieties committed by Ferman; and failed to establish policies, procedures, and/or protocols
requiring proper, timely, and adequate assistance to Kidd. 
            Kidd counters that as a patient, she enjoyed the status of an invitee or business visitor entitled
to the exercise of ordinary care by the hospital to keep its premises in reasonably safe condition for
the expected use. She directs us to Bush v. Green Oaks Operator, Inc., 39 S.W.3d 669 (Tex.App.--Dallas 2001, no pet.) and Zuniga v. Healthcare San Antonio, Inc., 94 S.W.3d 778, 780 (Tex.App.--San Antonio 2002, no pet.) in support of her argument. During the pendency of this appeal, the
Supreme Court has disapproved both cases. See Diversicare, 185 S.W.3d at 853. The obligation
of a health care facility to its patients is not the same as the general duty a premises owner owes to
invitees. Diversicare, 185 S.W.3d at 851. Health care staff make judgments about the care,
treatment, and protection of individual patients and the patient populations in their facilities based
on the mental and physical care the patients require. Id. This is distinct from the duty of ordinary
care owed by premises owners to their residents and invitees. See id. Consequently, Kidd’s
allegations constitute health care liability claims because they are based on a claimed departure from
the standards of care related to health care, safety, and professional and administrative services
directly related to health care. For this reason, we must also sustain Issue Four. 
            We recognize that at the time Kidd brought her lawsuit, her allegations quite arguably fell
outside of the Act. This is no longer the case. Following the guidance of Diversicare, we reverse
the order denying NCED’s motion to dismiss. We remand the cause to the trial court for entry of
a judgment dismissing Kidd’s claims with prejudice for failure to furnish an expert report as required
by Section 74.351 of the Civil Practice and Remedies Code. The trial court shall, in accordance with
Section 74.351(b)(1) of the Civil Practice and Remedies Code, award reasonable attorney’s fees and 
costs of court incurred by NCED.

June 27, 2006                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before McClure, Chew, and Guaderrama, JJJ.
(Guaderrama, J., sitting by assignment)