Kenny THOMPSON, Individually, And on Behalf of The Estate of Youlanda Thompson, An Adult Now Deceased, Melissa Lay, Alicia Pitts, and Mary Johnson, Appellants,

v.

COMMUNITY HEALTH INVESTMENT CORPORATION d/b/a Colonial Hospital, Community Health Systems of Texas, Inc., and CHS Management Corporation, Appellees.

No. 05–94–00645–CV.

Court of Appeals of Texas, Dallas.

Jan. 4, 1995.

Charles H. Clark, Tyler, for appellants.

Jonathan B. Skidmore, Walter A. Herring, Roger S. Lenox, Ben Taylor, Fulbright & Jaworski, L.L.P., Dallas, for appellees.

Before BAKER, KINKEADE and MORRIS, JJ.

BAKER, Justice.

This is a health care provider liability case. Appellants, Melissa Lay and Mary Johnson, contend the trial court erred in granting appellees a summary judgment based on the two-year statute of limitations. Appellants contend a fact question exists on limitations. We hold the appellants' claim notice did not meet statutory requirements and did not effectively toll limitations. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellants and others sued appellees alleging that Youlanda Thompson died on September 21, 1990 because Colonial Hospital committed medical malpractice. Appellants and the other plaintiffs sent a claim notice dated September 14, 1992. They addressed the notice to Lee Brown, Colonial Hospital, 502 W. College, Terrell, Texas 75160. Appellants and the other plaintiffs sued appellees on October 28, 1992.

Appellees' answer alleged the two-year statute of limitations as an affirmative defense. Appellees moved for summary judgment on the ground that limitations barred the claim. Appellees supported the motion with the affidavit of Linda K. Parsons, the appellees' corporate secretary.

Appellants and the other plaintiffs responded to appellees' motion for summary judgment. They supported their response with the affidavit of Susan Hurst, the secretary of the attorney representing appellants and the other plaintiffs.

The trial court considered appellees' motion and summary judgment evidence and the plaintiffs' response and summary judgment evidence. The trial court granted appellees summary judgment.

## APPLICABLE LAW

### A. Summary Judgment— Standard of Review

When we review a summary judgment, we require the movant to show that no genuine issues of material fact exist and the movant's entitlement to judgment as a matter of law. In deciding whether the summary judgment proof shows as a matter of law there is no genuine fact issue, we take evidence favorable to the nonmovant as true. We indulge every reasonable inference for the nonmovant and resolve any doubts in its favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method for summarily ending a case involving only a

question of law and no genuine fact issues. *See Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court must determine whether fact issues exist, not weigh the evidence or its credibility and try the case on affidavits. *Gulbenkian,* 252 S.W.2d at 931.

■ A movant must show its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). To show its right to summary judgment, a defendant must either disprove an essential element of the plaintiff's claim as a matter of law or establish all elements of its defense as a matter of law. *See Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970); *Spencer v. City of Dallas,* 819 S.W.2d 612, 615 (Tex.App.—Dallas 1991, no writ).

■ The court may base a summary judgment on uncontroverted testimonial evidence of an interested witness. However, the evidence must be clear, positive, direct, otherwise credible, and free from contradictions and inconsistencies. Also, the evidence must be such that the nonmovant could easily controvert the testimony. *See* Tex.R.Civ.P. 166a(c); *Spencer,* 819 S.W.2d at 616.

## B. Statutory—The Medical Liability and Insurance Act—Article 4590i [1]

### 1. Health Care Provider

"Health care provider" means any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home. Health care provider includes an officer, employee, or agent of the health care provider acting in the course and scope of his employment. *See* section 1.03(a)(3) of the Act.

### 2. Limitations

Notwithstanding any other law, a claimant may not begin a health care liability claim unless the claimant files the action within two years of the breach or tort or within two years of the date of completion of the medical or health care treatment the subject of the claim. Minors under twelve years of age have until their fourteenth birthday to file their claim or have it filed on their behalf. This subchapter applies to all persons regardless of minority or other legal disability except as stated. *See* section 10.01 of the Act.

### 3. Notice

Any person or his authorized agent asserting a health care liability claim shall give written notice of the claim by certified mail return receipt requested. The claimant must notify each physician or health care provider against whom the claimant asserts liability. The claimant must give the notice at least 60 days before filing the suit in any court of this state. *See* section 4.01(a) of the Act.

Notice given as provided in the Act tolls limitations for 75 days after giving notice. The tolling applies to all parties and potential parties. *See* section 4.01(c) of the Act.

### C. Case Law

■ All health care liability claims are subject to an absolute two-year limitations period. *See* section 10.01 of the Act; *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex. 1987). When a claimant asserts a health care liability claim against a hospital, liability accrues on the last day of hospitalization. *See* section 10.01; *Kimball,* 741 S.W.2d at 372.

■ The notice requirement under section 4.01(c) is mandatory. *Schepps v. Presbyterian Hosp.,* 652 S.W.2d 934, 938 (Tex. 1983). For an effective notice, the claimant must address and mail the notice to the physician or health care provider. *See* section 4.01(a) of the Act.

1. Unless otherwise stated, all future references to the Act are to the Medical Liability and Insur- ance Improvement Act. Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1995).

■ The Act bars a claim if a claimant does not give the required notice to the health care provider before limitations runs. *Kimball,* 741 S.W.2d at 372. Notice given after the limitation period runs does not revive a claimant's cause of action. *Kimball v. Brothers,* 712 S.W.2d 538, 540 (Tex.App.— Waco 1986), *aff'd,* 741 S.W.2d 370 (Tex.1987).

## THE SUMMARY JUDGMENT EVIDENCE

### A. Appellants' Summary Judgment Evidence

■ Appellants' summary judgment evidence consisted of the affidavit of Susan Hurst, the secretary for appellants' attorney of record. Her employer asked her to prepare a letter to Lee Brown, Colonial Hospital in Terrell, Texas. She called the hospital at the number listed in the telephone directory and learned that Lee Brown was the administrator of Colonial Hospital in Terrell, Texas. She called the Secretary of State's office in Austin, Texas, and asked about Colonial Hospital of Terrell, Texas. She learned Colonial Hospital merged with Community Health Systems of Texas, Inc. in November 1986. She learned Community Health Systems of Texas, Inc. changed its name to CHS Management Corporation in December 1986. She also learned CHS Management Corporation changed its name to Community Health Investment Corporation in October 1991.

### B. Appellees' Summary Judgment Evidence

In support of its motion for summary judgment, appellees provided the affidavit of Linda K. Parsons. She was corporate secretary for Community Health Investment Corporation, formerly known as CHS Management Corporation, formerly known as Community Health Systems of Texas, Inc. Parsons stated the principals incorporated Community Health Systems of Texas, Inc. in Delaware in July 1985. This entity changed its name to CHS Management Corporation in December 1986. She stated that when the alleged claim arose in September 1990 CHS Management Corporation owned Colonial Hospital in Terrell, Texas.

She stated Colonial Hospital transferred all its assets to a new Texas subsidiary, Colonial Hospital, Inc., in August 1991. Further, Epic Health Care Management bought Colonial Hospital in September 1991. Epic Care Management took over the facilities of the former Colonial Hospital on October 1, 1991. In that same month, CHS Management Corporation changed its name to Community Health Investment Corporation. Community Health Investment Corporation never did business as Colonial Hospital.

Parsons stated that in September 1990 the address for CHS Management Corporation was 14550 Torey Chase Boulevard, Houston, Texas 77014. In November 1991, the address changed to 3707 FM 1960 West, Suite 500, Houston, Texas 77068. She stated the registered agent for service for Community Health Investment Corporation and its predecessor entities was always C.T. Corporation, 350 North St. Paul St., Dallas, Texas 75201.

Parsons stated Lee Brown never served as an officer, director, agent, employee, or representative of Community Health Investment Corporation or any of its predecessor corporations. Lee Brown had no association with Colonial Hospital when CHS Management Corporation owned and operated the hospital. Finally, she stated neither Community Health Investment Corporation nor its predecessor corporations ever had an address of 502 W. College, Terrell, Texas 75160.

## APPLICATION OF LAW TO THE FACTS

For effective notice, the claimant must send the statutory notice of a claim to the health care provider against whom the claimant asserts liability. *See* section 4.01(a) of the Act. As defined, "health care provider" includes an officer, employee, or agent of the health care provider acting in the course and scope of his employment. *See* section 1.03(a)(3).

Appellants' summary judgment evidence does not show any attempt to learn the registered agent for service for the health care provider, the address of the health care provider or the name and address of an officer,

employee, or agent of the health care provider when the claim arose.

The undisputed summary judgment evidence shows Lee Brown never served as an officer, director, agent, employee, or representative of the health care provider when the claim arose or when appellants sent the statutory notice. The undisputed summary judgment evidence shows the address for the health care provider when appellants sent the statutory notice was 3707 FM 1960 West, Suite 500, Houston, Texas 77068. The summary judgment evidence also shows the health care provider never had an address of 502 W. College, Terrell, Texas 75160.

The summary judgment evidence conclusively shows Lee Brown was not a proper party for notice purposes under section 4.01(a) of the Act. We hold, as a matter of law, notice to Brown at 502 W. College, Terrell, Texas 75160 was ineffective under the Act's plain language. Because the notice did not invoke the tolling provision of section 4.01(c) of the Act, limitations ran before appellants filed this suit. We conclude no issues of material fact exist. The trial court did not err in granting appellees a summary judgment. We overrule appellants' point of error.

We affirm the trial court's judgment.