Kenny THOMPSON, individually and on Behalf of the Estate of Youlanda Thompson, an adult now deceased, Melissa Lay, Alicia Pitts and Mary Johnson, Petitioners,

v.

COMMUNITY HEALTH INVESTMENT CORPORATION d/b/a Colonial Hospital, Community Health Systems of Texas, Inc. and CHS Management Corporation, Respondents.

No. 95–0335.

Supreme Court of Texas.

April 12, 1996.

Rehearing Overruled July 8, 1996.

Charles H. Clark, Tyler, for Petitioners.

Roger S. Lenox, Ben Taylor, Jonathan B. Skidmore, Walter A. Herring, Dallas, for Respondents.

PER CURIAM.

This case presents the question of whether presuit notice to a hospital tolls the statute of limitations with respect to a former owner of the hospital under section 4.01 of the Medical Liability and Insurance Improvement Act. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(c). Because we conclude under the facts of this case that the notice was sufficient, we reverse the judgment of the court of appeals, 892 S.W.2d 440, and remand this case for trial.

Youlanda Thompson died on September 21, 1990, at Colonial Hospital in Terrell, Texas. Kenny Thompson, individually and on behalf of the estate of Youlanda Thompson, Melissa Lay, Alicia Pitts, and Mary Johnson

(collectively, the Thompsons) brought a health care liability action. At the time of Youlanda Thompson's death, CHS Management Corporation owned Colonial Hospital.

In August 1991, prior to the time that the Thompsons filed suit, CHS Management Corporation transferred the assets of Colonial Hospital to a subsidiary called Colonial Hospital, Inc. In September 1991, CHS Management Corporation sold Colonial Hospital, Inc. to Epic Health Care Management (Epic). In October 1991, CHS Management Corporation changed its name to Community Health Investment Corporation (CHIC). The summary judgment evidence indicates that the hospital facility at which Youlanda Thompson was treated continues to operate as "Colonial Hospital."

In preparing a presuit notice letter, an employee of the Thompsons' counsel called Colonial Hospital and was given the name of Lee Brown as its administrator. She also called the Secretary of State's office and inquired about the corporate status of Colonial Hospital of Terrell, Texas. She was told that Colonial Hospital had merged with Community Health Systems of Texas, Inc., that this entity had changed its name to CHS Management Corporation, and that there had been a further name change to Community Health Investment Corporation. She was unaware that the hospital facility, formerly an asset of CHIC, was no longer owned by CHIC. The initial notice letter under section 4.01 was sent within the two-year limitations period to "Lee Brown, Colonial Hospital," at the physical address of the hospital facility. CHIC was located in Houston. Lee Brown at Colonial Hospital received the notice, and it was forwarded to CHIC. CHIC received this notice on October 5, 1992, more than two years after the death of Youlanda Thompson.

The Thompsons filed suit on October 28, 1992, against CHIC, alleging that CHIC was doing business as Colonial Hospital; Community Health Systems of Texas, Inc.; and CHS Management Corporation. CHIC moved for summary judgment, contending that the Thompsons' presuit notice to Colonial Hospital did not toll the limitations period with respect to CHIC. The trial court granted CHIC's motion. On appeal, the court of appeals affirmed, concluding that Lee Brown was not a proper party for notice purposes under section 4.01(a). 892 S.W.2d at 444. Only Melissa Lay and Mary Johnson have perfected an application for writ of error to this Court.

The Medical Liability and Insurance Improvement Act (the Act) provides that a claimant must send notice to each physician or health care provider against whom a health care liability claim is being made at least sixty days before the filing of suit. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a).[1] A two-year statute of limitations applies to all health care liability claims. *Id.* § 10.01. Proper presuit notice provided by the claimant within this initial two-year period tolls the two-year limitations period for seventy-five days not only as to the health care provider who actually received the notice before limitations ran, but "to all parties and potential parties" as well. *Id.* § 4.01(c); *De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 937–38 (Tex.1993). After the expiration of seventy-five days, the remaining portion of the limitations period continues to run. *De Checa*, 852 S.W.2d at 937.

---

1. The relevant sections of the Act provide:

    Sec. 4.01. (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

.    .    .    .    .

    (c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

.    .    .    .    .

    Sec. 10.01. Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.... Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability. TEX.REV.CIV.STAT.ANN. art. 4590i.

■ The limitations period applicable to petitioners' claims would be tolled under section 4.01 if either the notice sent to "Colonial Hospital" but forwarded and actually received by CHIC constitutes adequate notice under the statute to CHIC, or if notice to "Colonial Hospital" is notice to a "physician or health care provider against whom such claim is being made" within the meaning of section 4.01(a). We conclude that at a minimum, the presuit letter sent to "Colonial Hospital" meets the latter notice requirement.

■ Youlanda Thompson was treated at the physical facility to which notice was sent. At the time of the presuit notice, petitioners were asserting a claim against that health care provider, although they mistakenly believed it to be one and the same as CHIC. They were unaware that the facility itself had been conveyed through various corporate transactions to another entity. The notice sent to "Colonial Hospital" was received by a health care provider conducting business at the physical location of the facility in which Youlanda Thompson was treated. The Act does not require that presuit notice is operative only if those receiving it are ultimately found to have liability. The Act does not even require that all those receiving presuit notice be joined in any subsequent suit. The Act only requires that presuit notice be sent "to each physician or health care provider against whom such claim is being made" sixty days before the filing of suit in any court. TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01(a).

As a practical matter, plaintiffs who find themselves in a situation similar to the petitioners may not be able to determine readily with which entity a potential liability rests. The filing of suit and discovery may be required to determine if particular liabilities have been assigned, assumed or retained in corporate transactions. CHIC was actually notified and made a party to the suit within the two year and seventy-five day period.

There is no contention that the notice sent to the administrator of "Colonial Hospital" was collusive or fraudulent. The requirements of section 4.01(a) and (c) are met under these circumstances.

Because notice to one health care provider tolls the statute with respect to all health care providers against whom a claim is being made, *De Checa*, 852 S.W.2d at 937–38, the statute of limitations was tolled as to CHIC. Summary judgment in favor of CHIC was improper.

■ In its motion to dismiss for want of jurisdiction, CHIC argues that the petitioners failed to preserve error in this Court because they submitted a point of error in their application that differs from the point of error contained in the motion for rehearing filed with the court of appeals.[2] This Court has asserted jurisdiction where a petitioner articulates its point of error in this Court differently from its point of error in the court of appeals on the grounds that no material difference existed between the two points of error. *See Thomas v. Oldham*, 895 S.W.2d 352, 358 (Tex.1995).

We find that the point of error raised by Melissa Lay and Mary Johnson in their motion for rehearing in the court of appeals does not materially differ from the point of error raised in this Court. For this reason, we overrule CHIC's motion.

■ We note that CHIC argues the Thompsons voluntarily nonsuited CHIC by omitting it from their Second Amended Petition. However, CHIC never raised this argument in the trial court. In fact, CHIC invoked the power of the trial court several

2. Melissa Lay and Mary Johnson assigned the following point of error in their motion for rehearing in the court of appeals:

> The court of appeals erred in overruling point of error one because no evidence or, in the alternative, insufficient evidence, supports the trial court's granting of Defendants' Motion for Summary Judgment on the basis that the two (2) year statute of limitations had expired because there are questions of fact as to whether

or not Plaintiffs' cause of action was barred by the two year statute of limitations.

Melissa Lay and Mary Johnson assigned the following point of error in their application to this Court:

> The Court of Appeals erred in holding that no genuine issue of material fact was present as to whether limitations barred Plaintiffs' claim of negligence brought under the Texas Survival Statute.

times after the Thompsons filed their second amended petition, including moving for summary judgment on the basis of limitations. On these facts, we decline to conclude that CHIC was nonsuited.

Accordingly, pursuant to TEX.R.APP.P. 170, this Court grants the application for writ of error; and, without hearing oral argument, we reverse the judgment of the court of appeals as to Melissa Lay and Mary Johnson and remand this case for further proceedings.