

# NUMBER 13-13-00250-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DENTISTRY OF BROWNSVILLE, P.C.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez[1]

Relator, Dentistry of Brownsville, P.C., filed a petition for writ of mandamus in the above cause on May 13, 2013, requesting that we direct the trial court to enter an order granting relator's motion to abate premised on the alleged failure of real parties in interest to serve presuit notice under the Texas Medical Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051, 74.052 (West 2011). As discussed herein, we deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

## I. BACKGROUND

This is a healthcare liability case brought by twelve dental patients against relator and others. As stated previously, relator moved to abate the underlying case because plaintiffs allegedly failed to send statutory presuit notices to relator as required by the Texas Medical Liability Act. Relator specifically contends that the presuit notice letters were not "addressed to Dentistry of Brownsville, P.C. or served on its registered agent, president, or vice president." Relator contends that presuit notice must be sent by certified mail to its registered agent.

The trial court denied relator's motion to abate on April 30, 2013. This original proceeding ensued. By order issued on May 14, 2013, the Court requested that the real parties in interest,[2] or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. The real parties filed a response to the petition for writ of mandamus on May 28, 2013. On May 30, 2013, relator filed a motion to stay the underlying trial court proceedings pending disposition of this original proceeding. On June 3, 2013, the real parties in interest filed a response to the motion to stay.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by

---

[2] The real parties in interest are: Paula Antu as next friend of Aleksandra N. Estrada, a minor; Scarlett Ayala as next friend of Xander Uresti, a minor; Guadalupe Cepeda as next friend of Orlando Cano, a minor; Ana Laura Cornejo as next friend of Juan Carlos Cornejo, a minor; Mario Cuellar and Priscilla Trujillo as next friends of Abdon Cuellar, a minor; Maria Gaytan as next friend of Francisco Tejada Jr., a minor; Elizabeth Gonzalez and Marco Reyes as next friends of Katherine Reyes, a minor; Francisca Guzman as next friend of Amy Guzman, a minor; Ismael Maldonado and Isabel Maldonado as next friends of Johana Maldonado, a minor; Freisi Olivar as next friend of Adam Saldana II, a minor; Mary Rosales as next friend of Destiny Moran, a minor; and Reynol Salinas as next friend of Reynol Salinas Jr., a minor.

appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

Relator cites no cases granting mandamus relief for this specific issue under the healthcare liability act, although mandamus relief has been granted to provide abatements for the failure to provide presuit notice under other statutory schemes. *See, e.g., Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (concluding there is no adequate remedy by appeal for the failure to give statutory notice under the Texas Deceptive Trade Practices Act); *see also In re Liberty Mut. Fire Ins. Co.*, No. 14-09-00876-CV, 2010 Tex. App. LEXIS 3063, at **16–17 (Tex. App.—Houston [14th Dist.] Apr. 27, 2010, orig. proceeding) (mem. op.) (concluding there is no adequate remedy by appeal for the failure to give statutory notice under the Texas Insurance Code); *In re Behr*, No. 04-05-00895-CV, 2006 Tex. App. LEXIS 1588, at *7 (Tex. App.—San Antonio Mar. 1, 2006, orig. proceeding) (mem. op.) (same). Accordingly, we will proceed to address the merits of this original proceeding.

### III. ANALYSIS

Relator was sued as Dentistry of Brownsville, P.C. d/b/a Kool Smiles. Relator owns both of the Kool Smiles entities at issue in this lawsuit and is registered with the Secretary of State as doing business under the assumed name "Kool Smiles." Of the twelve presuit notice letters that were sent on behalf of plaintiffs, seven were sent to Kool Smiles entities "c/o Administrator," and the remaining five presuit notice letters

3

were addressed to Kool Smiles entities "c/o Mr. Darren L. McCarty," who had previously notified plaintiffs that he represented "the dental offices of [his] clients in South and West Texas (hereinafter Kool Smiles)" and who stated that references to "Kool Smiles" included collectively, Dentistry of Brownsville, P.C. and others. The letter from McCarty directed plaintiffs' counsel to "direct any future notice letters and authorization forms directly to me at the following address. . . I will accept service of such correspondence on behalf of my clients."

Relator's argument is premised on two sections of the Texas Medical Liability Act. Section 74.051(a) of the Texas Civil Practice and Remedies Code provides for statutory presuit notice:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, *to each physician or health care provider* against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (emphasis added). Section 74.052, entitled "Form for Release of Protected Health Information," provides in pertinent part:

> (a)  Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

> (b)  If the authorization required by this section is modified or revoked, the physician or health care provider to whom the authorization has been given shall have the option to abate all further proceedings until 60 days following receipt of a replacement authorization that must comply with the form specified by this section.

4

(c)    The medical authorization required by this section shall be in the following form and shall be construed in accordance with the "Standards for Privacy of Individually Identifiable Health Information" (45 C.F.R. Parts 160 and 164).

TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(a)-(c).  Together, the notice and medical authorization requirement encourage presuit investigation, negotiation, and settlement of health care liability claims.  *See Carreras v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011) ("The Legislature intended that 'by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide . . . an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage.'") (quoting *In re Collins*, 286 S.W.3d 911, 916–17 (Tex. 2009) (orig. proceeding)).

Relator received actual notice of the lawsuit; thus, the purpose of the statutory presuit notice requirement has been met.  Moreover, case law allows service of notice to "each physician or health care provider" and to their attorneys and has approved a presuit notice letter sent to a named administrator at a hospital.  *See, e.g., Thompson v. Cmty. Health Inv. Corp.*, 923 S.W.2d 569, 572 (Tex. 1996) (concluding that presuit notice addressed to a specific administrator was sufficient); *cf. Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 Tex. App. LEXIS 7720, at *16 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (mem. op.) ("When the plain language of a section requires the claimant to serve the defendant health care provider or his attorney, filing the report with the insurance carrier does not constitute proper notice.").  Relators have not provided this Court with case law establishing that service of a presuit notice letter must be made on a corporation's registered agent, as is the case for service of a lawsuit itself.  Based on

5

the foregoing, we conclude that the trial court did not abuse its discretion in denying relator's motion to abate.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). Relator's "Motion to Stay" is DISMISSED as moot.

NELDA RODRIGUEZ, JUSTICE

Delivered and filed the
4th day of June, 2013.